**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDWIN GARCIA, on behalf of himself and all others similarly situated, | CLASS ACTION COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-02628 |
| MIDLAND MORTGAGE CO., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## CLASS ACTION COMPLAINT

NOW comes EDWIN GARCIA ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all others similarly situated, complaining as to the conduct of MIDLAND MORTGAGE CO. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action on behalf of himself and numerous other similarly situated individuals against Defendant pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

4.  Plaintiff is a natural person over 18 years-of-age residing in Cook County, Illinois, which is located within the Northern District of Illinois.

5.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.  Defendant, itself a division of MidFirst Bank, is a mortgage servicer established for the purpose of providing and servicing home mortgages to consumers. Defendant is a corporation organized under the laws of the state of Oklahoma who can be served through its Registered Agent at 501 N.W. Grand Boulevard, Oklahoma City, Oklahoma.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.  Beginning in approximately late 2019/early 2020, Plaintiff began receiving calls from Defendant to his cellular phone, (773) XXX-6519.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6519. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant has used several phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to (800) 654-4566 and (800) 552-3000.

12. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its communications with consumers.

13. Plaintiff did not answer Defendant's initial phone calls, and such unanswered calls resulted in Defendant leaving prerecorded messages on Plaintiff's cellular phone requesting a return phone call.

14. Plaintiff was confused as to why he was getting phone calls from Defendant, as he had no business relationship with Defendant, did not have a mortgage being serviced by Defendant, and otherwise had never consented to receiving phone calls to his cellular phone from Defendant.

15. Sometime in approximately January 2020, Plaintiff contacted Defendant to inquire about the phone calls he was receiving.

16. Plaintiff provided various pieces of personally identifying information to Defendant, at which point Defendant advised Plaintiff he did not have a mortgage with Defendant, and that Defendant was unsure as to why Plaintiff was receiving phone calls.

17. Plaintiff further asked that the phone calls stop, and Defendant advised it would cease calling Plaintiff's cellular phone number.

18. However, Defendant has continued contacting Plaintiff's cellular phone using prerecorded messages and using a system constituting an automatic telephone dialing system up until the filing of the instant complaint.

19. In addition to receiving continued prerecorded voicemail messages on his cellular phone, when Plaintiff would answer a phone call from Defendant, Plaintiff would experience silence and dead air, only for no representative of Defendant to be on the line, prompting Plaintiff to hang up.

20. Plaintiff has received not less than 25 phone calls from Defendant, and similarly received not less than 20 prerecorded messages from Defendant, notwithstanding Plaintiff having never consented to receiving such calls and messages from Defendant and further after Plaintiff explicitly informed Defendant to stop calling.

3

21.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unconsented-to telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

22.   Upon information and belief, Defendant's conduct directed towards Plaintiff is indicative of a pattern and practice wherein Defendant contacts consumers with which it shares no preexisting business relationship, and continues calling such consumers even after such consumers have requested that no further calls occur.

23.   All of Defendant's phone calls to Plaintiff's cellular phone number subject to this action occurred within the four years preceding the date of the filing of the Complaint in this matter.

### CLASS ACTION ALLEGATIONS

24.   Plaintiff brings this action on behalf of himself and others similarly situated against Defendant for its violations of the TCPA.

25.   Plaintiff brings this action against Defendant, both on his own behalf and as a class action on behalf of the following subclass, hereinafter referred to as the "Prerecorded Messages Class":

> All persons residing in the State of Illinois to whom Defendant placed collection calls, to such persons' cellular phones, using prerecorded messages, absent prior express consent, within four years preceding the filing of this Complaint through the date of class certification.

26.   Plaintiff brings this action against Defendant, both on his own behalf and as a class action on behalf of the following subclass, hereinafter referred to as the "ATDS Class":

> All persons residing in the State of Illinois to whom Defendant placing collection calls and text messages, to such persons' cellular

4

phones, using an automatic telephone dialing system, absent prior express consent, within four years preceding the filing of this Complaint through the date of class certification.

27. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

28. Upon information and belief, each respective Class outlined above consists of hundreds or more persons throughout the State of Illinois such that joinder of the respective Class members is impracticable.

29. There are questions of law and fact that are common to the respective Class members that relate to Defendant's violations of the TCPA, particularly because the questions of law and fact are based on a common course of conduct by Defendant as it relates to the respective Class members.

30. Plaintiff and the members of the respective Classes were harmed by the acts of Defendant in, *inter alia,* the following ways: Defendant illegally contacted Plaintiff and putative Class members via their cellular phones thereby causing Plaintiff and the respective Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and respective Class members.

31. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories and course of conduct, and Plaintiff has no interests that are antagonistic to the interests of the respective Class members.

32. Plaintiff is an adequate representative of the respective Classes and has retained competent legal counsel experienced in class actions and complex litigation.

33.   The questions of law and fact common to the Prerecorded Messages Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the Prerecorded Messages Class include, but are not limited to: (i) whether Defendant utilized prerecorded or artificial voice technology when calling Plaintiff and putative Class members; (ii) whether Defendant had the requisite prior express consent to contact Plaintiff and putative Class members using prerecorded or artificial voice messages; (iii) whether Defendant violated the TCPA by placing unconsented calls to Plaintiff's and putative Class members' cellular phones using prerecorded or artificial voice technology; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

34.   The questions of law and fact common to the ATDS Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the ATDS Class include, but are not limited to: (i) whether Defendant's phone system used to place the calls to Plaintiff and putative Class members were made with a system constituting an automatic telephone dialing system under the TCPA; (ii) whether Defendant had the requisite prior express consent to contact Plaintiff and putative Class members using a system which constitutes an automatic telephone dialing system under the TCPA; (iii) whether Defendant violated the TCPA by placing unconsented calls to Plaintiff's and Class members' cellular phones utilizing an automatic telephone dialing system; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

35.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on

judicial resources and could result in inconsistent or varying adjudications, yet each respective

Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE PRERECORDED MESSAGES AND ATDS CLASSES

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their

cellular phone using an automatic telephone dialing system ("ATDS"), or prerecorded or artificial

voice messages, without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS

as "equipment which has the capacity...to store or produce telephone numbers to be called, using

a random or sequential number generator; and to dial such numbers."

38. Defendant's use of prerecorded messages in its contacts made towards Plaintiff and the

Prerecorded Messages Class underscores that its conduct in relation to such Class is within the

ambit of the TCPA.

39. Upon information and belief, Defendant's contacts made towards the ATDS Class were

made with a system defined by the TCPA as an ATDS. Defendant's use of an ATDS in relation to

the ATDS Class is evinced by the significant pause and dead air, lasting several seconds in length,

which Plaintiff experienced on answered calls from Defendant. The fact such phone calls would

result in Defendant's representative failing to jump on to the line further evinces that Defendant's

phone system has the capacity to perform the functions as an ATDS. Furthermore, Defendant's

statement that it was unsure as to why Plaintiff's cellular phone number was being contacted

demonstrates that Defendant's phone system has the capacity to function as an ATDS –

specifically, that Defendant's phone system stores and/or produces numbers in a sequential or

random manner and dials such numbers, rather than dialing a predetermined list of intended

recipients. Additionally, Defendant's contacts with Plaintiff despite his requests that no further calls occur further evinces Defendant's use of an ATDS. Thus, all of the above, *inter alia,* underscores that Defendant's system used to place phone calls to Plaintiff and the ATDS Class has the capacity to function as an ATDS under the TCPA.

40. Defendant violated the TCPA by placing repeated and persistent phone calls via ATDS and using prerecorded messages to Plaintiff's and the respective Class members' cellular phones absent prior express consent. Plaintiff never consented to receiving phone calls from Defendant and demanded that such phone calls stop, which illustrates the extent to which Defendant's contact efforts with Plaintiff and the respective Class members were made absent the requisite prior express consent for such calls.

41. The calls placed by Defendant to Plaintiff and the respective Class members were regarding business activity and were not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

42. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff and the respective Class members for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff and the respective Class members are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, EDWIN GARCIA, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Certification of the respective Classes requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel for the respective Classes;

    c.   Awarding damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    d.   Awarding Plaintiff costs and reasonable attorney fees;

    e.   Enjoining Defendant from further contacting Plaintiff; and

    f.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 30, 2020                     Respectfully submitted,

s/ Nathan C. Volheim                 s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103       Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                   *Counsel for Plaintiff*
Admitted in the Northern District of Illinois   Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.               Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200      2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                 Lombard, Illinois 60148
(630) 568-3056 (phone)               (630) 581-5858 (phone)
(630) 575-8188 (fax)                 (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com           thatz@sulaimanlaw.com

s/ Eric D. Coleman                   s/Alejandro E. Figueroa
Eric D. Coleman, Esq. # 6326734        Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*                   *Counsel for Plaintiff*
Admitted in the Northern District of Illinois   Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.               Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200      2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                 Lombard, Illinois 60148
(331) 307-7648 (phone)               (630) 575-8181 ext. 120 (phone)
(630) 575-8188 (fax)                 (630) 575-8188 (fax)
ecoleman@sulaimanlaw.com          alejandrof@sulaimanlaw.com